# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

KATHALINA MONACELLI,

        **Plaintiff,**

-vs-                              Case No. 2:09-cv-122-FtM-29DNF

EDISON STATE COLLEGE, KEN
WALKER, LUCINDA KELLEY, and
PAMELA FAIRFAX,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On March 2, 2009, the Plaintiff, Kathalina Monacelli filed a Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis*/Affidavit of Indigency (Doc. 2). The Court entered an Order (Doc. 4) on March 4, 2009 denying the Plaintiff's Application to Proceed *In Forma Pauperis*, and required the Plaintiff to file a new Application. The Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 6) on March 10, 2009. The Plaintiff is requesting leave to proceed without the prepayment of filing fees. The Court reviewed the Plaintiff's initial Complaint (Doc. 1) and entered an Order (Doc. 4) on March 4, 2009, requiring the Plaintiff to file an Amended Complaint which she did on March 10, 2009. The Court has reviewed the Amended Complaint (Doc. 5).

The Court explained in its prior Order that when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or

malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915.

In the Amended Complaint, the Plaintiff alleges that the Defendants have refused to give her employment in violation of the Civil Rights Act of 1964, 42 U.S.C. §2000e; the Americans with Disabilities Act, 42 U.S.C. §12101; and the Sherman Antitrust Act, 15 U.S.C. §§1-7. The allegations in the Amended Complaint are confusing, and the Plaintiff fails to indicate which of the Defendants participated in which of the violations of the various statutes. The Plaintiff claims that she was hired as an adjunct professor for one semester at the college. She then applied for continued employment, however, another adjunct professor allegedly without any qualifications was given the position.

In Count I, the Plaintiff alleges a violation of the Sherman Act. She claims that the Defendants and unnamed co-conspirators engaged in restraint of trade. In Count II, the Plaintiff alleges that the Defendant violated the Civil Rights Act. The Plaintiff claims the Defendants' hiring practices prevented the Plaintiff from gaining employment arguing that the Defendants failed to hire women and other minorities, and hired less qualified individuals. In Count III, the Plaintiff alleges that the Defendants have violated the American With Disabilities Act by discriminating against her based upon the false assumption that she has an impairment when no impairment exists.

In Count I, the Plaintiff alleges a violation of the Sherman Act. "'[T]he purpose of the [Sherman] Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market. The law directs itself not against conduct which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself. It does so not out of solicitude for private concerns but out of concern for the public interest.'" *Spanish Broadcasting System of Florida., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1070 (11th Cir. 2004)

(quoting *Spectrum Sports, Inc. v. McMillan*, 506 U.S. 447, 459 (1993)). The Plaintiff failed to allege a cause of action under the Sherman Act.

In Count II, the Plaintiff alleges a violation of the Civil Rights Act, claiming that the Defendants failed to hire women and other minorities, but instead hired less qualified individuals. The Plaintiff has not shown the elements of discrimination. Specifically, she must allege "'(1) that she was a member of a protected class, (2) that she was qualified for the job, (3) that she suffered an adverse employment action, and (4) that she was displaced by someone outside the protected class.'" *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 828 (11th Cir. 2000)). Therefore, the Plaintiff has failed to state a cause of action for discrimination.

In Count III, the Plaintiff alleges that the Defendants have violated the American With Disabilities Act by discriminating against her based upon having an impairment when no impairment actually exists. To establish a claim under the Americans With Disabilities Act, the Plaintiff must show that she "'(1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [her] disability.'" *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (citing *Cash v. Smith,* 231 F.3d 1301, 1305 (11th Cir. 2000)). An individual is considered disabled if her employer perceives her as having a disability, even if there is no factual basis to support that perception. *Luna v. Walgreen Co.*, 575 F.Supp. 2d 1326, 1334 (S.D. Fla. Aug. 22, 2008). In the instant case, the Plaintiff has failed to allege the elements of a claim under the Americans With Disabilities Act.

The Plaintiff has failed to allege a cause of action upon which relief may be granted. Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis*/ Affidavit of Indigency (Doc. 6) be denied and this action be dismissed for failure to state a claim upon which relief may be granted.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___18th___ day of March, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record